SELLMAN et al. v. GERMAN UNION FIRE INS. CO. OF BALTIMORE.

(Circuit Court, D. Delaware. June 16, 1909.)

No. 293.

*(Syllabus by the Court.)*

1. CORPORATIONS (§ 393*)—DIRECTORS—CONTROL OF BUSINESS—INTERFERENCE BY COURTS.

The board of directors of a corporation is charged by law with the control and management of its business and affairs; and when the law making power has declared that the business and affairs of a corporation, created and organized under that power, shall be directed by its board, it ill-becomes courts created for the administration of the law, unless under special and peculiar circumstances, to declare that its business and affairs shall not be directed by such board.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1574, 1575; Dec. Dig. § 393.*]

2. CORPORATIONS (§ 393*)—DISTRIBUTION OF ASSETS—JURISDICTION IN EQUITY.

If it has become impossible for the corporation to answer any of the ends of its creation, and it has thus utterly failed of its purpose, a court of equity would under its general jurisdiction and powers, and wholly aside from any statutory provision in that behalf, be authorized to wind up its business and affairs for the benefit of those really interested, namely, its creditors and stockholders, although not involving a dissolution or termination of the corporate franchise.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1574, 1575; Dec. Dig. § 393.*]

In Equity. Bill by James L. Sellman and others against the German Union Fire Insurance Company of Baltimore. On motion for appointment of receiver and preliminary injunction. Denied.

Charles M. Curtis, Anthony Higgins, Edgar H. Gans, and Charles Markell, for complainants.

Andrew C. Gray and George A. Finch, for defendant.

BRADFORD, District Judge. This is a motion for an injunction, and the appointment of a receiver of the German Union Fire Insurance Company of Baltimore, a corporation of Delaware, in a suit in equity brought against that corporation by James L. Sellman and others, stockholders and creditors thereof. It is alleged in the bill that the defendant is under the control of Robert Dickson and Robert D. Tweeddale who by various alleged misrepresentations and fraudulent acts and purposes have disregarded the rights and jeopardized the interests of the stockholders and creditors, and brought such peril to the corporation as to render necessary a receivership and the winding up of its affairs and a distribution of its assets. The bill prays:

"(1) That a receiver may be appointed to collect and take charge of all the assets, effects, books and papers of account, and to collect the debts of the defendant corporation, and to preserve or dispose of the same under the directions of this court.

(2) That the said assets, property and effects of the defendant corporation may be sold or distributed to the persons rightfully entitled thereto, and the business of the defendant corporation may be wound up.

(3) That the said corporation, its board of directors, officers, agents and employees may be enjoined by writ of permanent injunction, and pending the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

decision of this court on final decree, by writ of preliminary injunction, from disposing of any of the assets or property of the said corporation, or from interfering in any way with the possession or authority or control of the receiver to be appointed by this honorable court, or from paying the check for $15,000 hereinbefore mentioned, or any part thereof.

(4) That your orators may have such other and further relief as their case may require."

The purpose of the bill is to secure a winding up of the affairs and a distribution of the assets of the defendant, and as incidental thereto to obtain an injunction restraining the defendant from interfering with such winding up and distribution by a receiver. The laws of Delaware authorize the appointment of receivers of insolvent corporations, other than those for public improvement, on the application and for the benefit of creditors and stockholders. But the bill does not allege that the defendant is insolvent; and from the answer, affidavits and exhibits to which attention was drawn during the hearing on the motion it clearly appears that the defendant is a solvent going concern. It does not follow, however, that, in the absence of a statutory provision authorizing a receivership in the case of a solvent corporation, a receiver may not under certain circumstances be appointed to wind up the affairs and make distribution of the assets of such corporation. The board of directors of a corporation is charged by law with the control and management of its business and affairs; and when the law making power has declared that the business and affairs of a corporation, created and organized under that power, shall be directed by its board, it ill-becomes courts created for the administration of law, unless under special and peculiar circumstances, to declare that its business and affairs shall not be directed by such board. But such special or peculiar circumstances may sometimes exist, fully warranting and justifying a receivership of a corporation technically or substantially solvent. If it has become impossible for the corporation to answer any of the ends of its creation and it has thus utterly failed of its purpose, a court of equity would under its general jurisdiction and powers, and wholly aside from any statutory provision in that behalf, be authorized to wind up its business and affairs for the benefit of those really interested, namely, its creditors and stockholders, although not involving a dissolution or termination of the corporate franchise. There are many authorities supporting the view just expressed. So there are many authorities to the effect that, although the legitimate purposes of a corporation may not have become impossible of accomplishment, where the facts clearly disclose such fraudulent or wrongful management of its business and affairs as to produce a conviction that further control of the corporation by its board would result in the destruction of its business or create a great and unnecessary loss to its creditors and stockholders, a receivership properly may be constituted. But in the case of a corporation which is a solvent and going concern the proofs must be clear and convincing to justify the winding up of its business and affairs. Especially is this true where, as in the present case, the stockholders are by no means unanimous on the question of the wisdom or propriety of the relief sought by the bill. After a careful consideration of the bill, answer, affidavits, exhibits and arguments of counsel and the author-

ities referred to by them respectively, I am far from satisfied that this is a case in which a receiver should be appointed. If the contract between the defendant and Dickson and Tweeddale is void as being ultra vires, or be voidable by reason of the fiduciary relations borne by Dickson and Tweeddale to the defendant, the complainants are not without a remedy as against that contract in any court of competent jurisdiction. Further, should it be made hereafter to appear that the defendant, at the instance and under the control of Dickson and Tweeddale has after this time deliberately persevered in a course ruinous or threatening ruin to the interests of the stockholders and creditors, it may be that such a bill as the present could then be maintained. But this point is not necessary to a decision of the present motion, and the court is not to be understood as expressing any opinion touching it. For the reasons hereinabove expressed the motion for the appointment of a receiver and for a preliminary injunction must be denied, and the restraining order heretofore awarded dissolved, with costs, and it is so ordered.